**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MATTHEW WALSH, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| POWERFLEET, INC., MICHAEL BRODSKY, STEVE TOWE, ANDERS BJORK, MICHAEL CASEY, CHARLES FRUMBERG, MEDHINI SRINIVASAN, and ELCHANAN MAOZ, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff Matthew Walsh ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against PowerFleet, Inc. ("PowerFleet" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of the Company with MiX Telematic Limited ("Mix Telematics").[1]

2. On October 10, 2023, PowerFleet and its wholly-owned subsidiary Main Street

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2000 Proprietary Limited ("PowerFleet Sub") entered into an Implementation Agreement (the "Implementation Agreement") with Mix Telematics. The Implementation Agreement provides that PowerFleet and Mix Telematics will combine, with Mix Telematics stockholders exchanging their outstanding Mix Telematics ordinary shares (including Mix Telematics ordinary shares represented by Mix Telematics American Depository Shares ("ADSs")) for 0.12762 shares of PowerFleet common stock for each Mix Telematics ordinary share held (and in the case of holders of Mix Telematics ADSs, 3.19056 shares of PowerFleet common stock for each Mix Telematics ADS held).[2]

3. The Company's corporate directors subsequently authorized the January 24, 2024, filing of a materially incomplete and misleading Schedule 14A Definitive Prospectus (the "Prospectus") with the SEC. The Prospectus, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Prospectus in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Prospectus is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the

---

[2] PowerFleet stockholders will own approximately 34.5% of the combined company upon consummation of the Proposed Transaction.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for February 28, 2024.

event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has juri22iction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and is and has been at all times relevant hereto, the owner of PowerFleet common stock.

10. Defendant PowerFleet is a Delaware corporation with its principal executive offices located at 123 Tice Boulevard, Woodcliff Lake, New Jersey 07677. PowerFleet's shares trade on the Nasdaq Global Market under the ticker symbol "PWFL." PowerFleet provides wireless Internet-of-Things ("IoT") asset management solutions in the United States, Israel and internationally. The Company offers real-time intelligence for organizations to capture IoT data from various types of assets with devices and sensors to increase efficiencies, improve safety and security, and increase their profitability in easy-to-understand reports, dashboards

and real-time alerts. PowerFleet also offers application programming interfaces for additional integrations and development to boost other enterprise management systems and third-party applications. In addition, the Company provides hosting, maintenance, and support and consulting services, as well as Software as a Service, including system monitoring, help desk technical support, escalation procedure development, routine diagnostic data analysis and software updates services. PowerFleet's products are offered under the PowerFleet, Pointer, and Cellocator brands.

11. Defendant Michael Brodsky is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Steve Towe is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

13. Defendant Anders Bjork is and has been a director of the Company at all times relevant hereto.

14. Defendant Michael Casey is and has been a director of the Company at all times relevant hereto.

15. Defendant Charles Frumberg is and has been a director of the Company at all times relevant hereto.

16. Defendant Medhini Srinivasan is and has been a director of the Company at all times relevant hereto.

17. Defendant Elchanan Maoz is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On October 10, 2023, the Company and Mix Telematics announced in relevant part:

> WOODCLIFF LAKE, NJ – October 10, 2023 – PowerFleet, Inc. (Nasdaq: PWFL) and MiX Telematics Limited (NYSE: MIXT, JSE: MIX) today announced that they have entered into a definitive agreement to form one of the largest mobile asset Internet of Things (IoT) Software-as-a-Service (SaaS) providers in the world. This powerful combination will form a scaled, global entity of choice focused on helping customers save lives, time, and money by solving mission-critical business challenges including <u>safety and risk management</u>, <u>compliance</u>, <u>sustainability</u>, and operational efficiency.
>
> BUSINESS COMBINATION SUMMARY AND KEY DEVELOPMENTS
>
> - Combined business with total revenue of $279 million, including $210 million in recurring high-margin SaaS revenue and $39 million of adjusted EBITDA for the trailing twelve-month (TTM) period ended June 30, 2023 (excluding selected non-cash and non-recurring items).
>
> - The transaction is expected to close in the first quarter of calendar year 2024.
>
> - Upon close, the combined business will be branded as PowerFleet, with its primary listing on Nasdaq.
>
> MANAGEMENT COMMENTARY
>
> "By leveraging our proven SaaS strategy across the combined business, spearheaded by our Unity platform and data highway, we firmly believe we will be extremely well positioned to drive incremental market consolidation. Realizing transformative scale, this transaction with MiX will provide the go-forward company with 1.7 million subscribers, and the ability to sell additive and accelerated AI and data-powered software solutions to a truly global set of customers," said Steve Towe, PowerFleet's Chief Executive Officer, who will continue serving as CEO of the combined PowerFleet company. "This combination is expected to achieve a number of strategic objectives including unlocking strong incremental value creation opportunities; a refinanced balance sheet for the combined company that will provide more flexibility to execute our strategic growth initiatives; and the ability to retain and attract an expanded portfolio of shareholders. Combining with MiX, an extremely well-run and profitable organization, will establish the combined entity as a world-class SaaS

company, giving us the speed and capability to achieve improved growth in high quality recurring revenues and expanded profitability much sooner."

Stefan Joselowitz, Chief Executive Officer at MiX Telematics, intends to retire at the conclusion of this transaction, but plans to continue to be a shareholder of the new combined entity. Joselowitz added, "I am extremely proud of our heritage and the high-quality business MiX is today, and I am delighted to have finally found an ideal partner that shares our values and strategic goals to take the company to the next level. We strongly believe that PowerFleet's Unity strategy and our combined scale perfectly positions us to revolutionize the mobile asset IoT SaaS industry and drive transformative growth. As a shareholder I am very excited about how this combination will accelerate the achievement of our shared strategic goals."

STRATEGIC RATIONALE

Compelling benefits expected from the transaction:

- Enhanced Shareholder Value: The transaction will immediately increase value to our existing and prospective shareholders with combined total revenue of $279 million and $39 million of adjusted EBITDA. The stronger balance sheet paired with the growth-centric capital structure is expected to propel the combined entity towards ambitious and achievable growth goals, including "Rule of 40" performance.

- Market Leadership: The combined company will create a top-tier mobile asset IoT SaaS organization with significant scale, serving all mobile asset types. The increased scale is expected to enable the combined entity to more efficiently serve our customers and create advantage to compete in an industry characterized by the need for high pace of development and innovation.

- Scale and Data Strategy: With a combined base of approximately 1.7 million subscribers following the transaction, the joint entity is expected to achieve significant scale as well as enhance our Unity platform strategy – including our AI-led data harmonization and integration capabilities.

- Research and Development Excellence: By integrating the PowerFleet and MiX world-class engineering and technology teams, the combined organization is expected to accelerate the delivery of top-class solutions with improved competitive advantage.

- Go-to-Market Acceleration and Increased Reach: Our combined geographical footprint, deep vertical expertise, and expanded software solution sets coupled with our extensive direct and indirect sales channel

capabilities will enable us to maximize significant cross-sell and upsell opportunities within our impressive joint customer base.

- World-Class Talent: With more than 1,800 tenured and talented team members worldwide, the combined entity will focus on attracting and retaining top talent to deliver optimal value to our customers.

TRANSACTION TERMS AND FINANCING

MiX shareholders will exchange 100% of their outstanding MiX ordinary shares (including MiX ordinary shares represented by MiX American Depository Shares (ADSs), each of which represents 25 MiX ordinary shares) for consideration consisting of PowerFleet common shares, payable at closing. The number of PowerFleet common shares to be issued as consideration will be based on a post-transaction ownership structure, whereby current MiX shareholders will own approximately 65%, and current PowerFleet shareholders will own approximately 35% of the combined entity immediately following the closing of the transaction. This exchange ratio assumes all MiX issued ordinary shares (including those represented by MiX ADSs) are exchanged for common shares in PowerFleet.

In connection with the transaction, PowerFleet and MiX are positioned to secure $75 million in incremental debt which the companies anticipate will be fully executed at or before close. The proceeds from the refinancing of the combined company's balance sheet will be used to redeem in full the outstanding convertible preferred stock held by affiliates of Abry Partners. Transaction-related expenses will be paid from cash on the balance sheet.

The closing of the transaction is subject to customary conditions, including required approvals of regulatory authorities and PowerFleet and MiX shareholders.

BOARD AND EXECUTIVE LEADERSHIP

Following the transaction, Steve Towe will remain CEO of PowerFleet and David Wilson will remain CFO. Stefan Joselowitz, current CEO of MiX, will be retiring.

A new board of directors of PowerFleet will be formed. Michael Brodsky will be Chairman. Steve Towe will be on the board. Ian Jacobs, MiX Telematics' current Chairman, will be joining the board. MiX will appoint one additional board member and further board member appointments will be made by mutual consent.

* * *

TRANSACTION ADVISORS

William Blair & Company L.L.C. is acting as financial advisor, and Olshan Frome Wolosky LLP and Webber Wentzel are acting as legal advisors to PowerFleet.  Raymond James and Java Capital are acting as financial advisors to MiX Telematics, and DLA Piper LLP (US) and Java Capital are acting as legal advisors to MiX Telematics.  Gateway Group is acting as investor relations advisor to PowerFleet and MiX Telematics.

**The Materially Incomplete and Misleading Prospectus**

20.     The Board caused to be filed the materially incomplete and misleading Prospectus with the SEC on January 24, 2024.  The Prospectus, which recommends that PowerFleet stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for PowerFleet, Mix Telematics, and the combined company; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor William Blair & Company, L.L.C. ("William Blair"); and (c) potential conflicts of interest faced by William Blair.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company, Mix Telematics, and the Pro Forma Combined Company.*

21.     The Prospectus fails to disclose material information concerning the Company's financial forecasts, as well as those for Mix Telematics and the combined company, including the respective, forecasted Unlevered Free Cash Flows for fiscal years ending December 31, 2023, through December 31, 2032.[4]

---

[4] These forecasts formed the bases of the discounted cash flow analyses of PowerFleet, Mix Telematics, and the pro forma company performed by William Blair in connection with its fairness opinion.  *See* Prospectus at 77, 78.  The Prospectus also fails to disclose any of PowerFleet management's forecasts for the pro forma company including the expected synergies.

22. As to "PowerFleet management's forecasts provided on July 1, 2023," the Prospectus fails to disclose both Net Operating Profit after Tax and Unlevered Free Cash Flow over the projection period, as well as their respective underlying line items. The Prospectus also fails to disclose the line items underlying forecasted Adjusted EBITDA.

23. As to "PowerFleet management's forecasts provided on July 1, 2023" and "MiX extrapolated forecasts provided on October 7, 2023," the Prospectus fails to disclose the respective line items underlying forecasted Adjusted EBITDA and Net Operating Profit after Tax.

*Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by William Blair*

24. The Prospectus fails to disclose material information concerning the financial analyses prepared by William Blair.

25. As to the *Discounted Cash Flow Analysis* of PowerFleet performed by William Blair, the Prospectus fails to disclose: (a) the Company's terminal values; (b) its net cash; (c) its preferred stock and minority interest as of June 30, 2023; and (d) PowerFleet's total diluted shares outstanding as of October 8, 2023, as adjusted.

26. As to the *Discounted Cash Flow Analysis* of Mix Telematics performed by William Blair, the Prospectus fails to disclose: (a) the terminal values for Mix Telematics; (b) its net cash; (c) its minority interest as of June 30, 2023; and (d) its total diluted shares outstanding as of October 8, 2023, as adjusted.

27. As to the *Discounted Cash Flow Analysis* of the pro forma company performed by William Blair, the Prospectus fails to disclose: (a) the terminal values for the pro forma company; (b) the pro forma company's net debt and preferred stock immediately after the closing of the Proposed Transaction; and (c) the implied pro forma diluted shares outstanding.

9

28. As to the *Selected Public Companies Analysis* performed by William Blair, the Prospectus fails to disclose: (a) the respective multiples and financial metrics for each company; and (b) PowerFleet's and Mix Telematics' preferred stock, minority interest, and net debt as of June 30, 2023, as well as the number of fully diluted shares for PowerFleet and Mix Telematics.

29. As to the *Selected Precedent Transactions Analysis* performed by William Blair, the Prospectus fails to disclose: (a) the respective financial metrics for each transaction; and (b) PowerFleet's and Mix Telematics' preferred stock, minority interest, and net debt as of June 30, 2023, as well as the number of fully diluted shares for PowerFleet and Mix Telematics.

***Material Misrepresentations and/or Omissions Concerning Potential Conflicts of Interest Affecting William Blair***

30. The Prospectus fails to disclose potential conflicts of interest affecting PowerFleet's financial advisors, including whether William Blair has performed any services for Mix Telematics or its affiliates in the two years prior to its fairness opinion and, if so, the details of the services provided and the fees received for such services.

31. The omission of the above-referenced information renders statements in the "PowerFleet Unaudited Prospective Financial Information" and "Opinion of PowerFleet's Financial Advisor" sections of the Prospectus materially incomplete and misleading in contravention of the Exchange Act and in violation of defendants' fiduciary duties.

32. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and PowerFleet**

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. PowerFleet is liable as the issuer of these statements.

35. The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

36. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

38. The Prospectus is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Prospectus, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of PowerFleet within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of PowerFleet and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Prospectus contains the unanimous recommendation of the Individual

Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable

allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: February 5, 2024      **LONG LAW, LLC**

          By: */s/ Brian D. Long*
            Brian D. Long (#4347)
            3828 Kennett Pike, Suite 208
            Wilmington, DE 19807
            Telephone: (302) 729-9100
            Email: BDLong@LongLawDE.com

            *Attorneys for Plaintiff*